Hoffman, Presiding Judge,
concurring in part and dissenting in part.
{¶ 72} I concur in the majority’s analysis and disposition of appellants’ second assignment of error. I further concur in the majority’s analysis and disposition of appellants’ third assignment of error as it relates to Plaintiffs Exhibit 27.
{¶ 73} I concur in the majority’s disposition as it relates to Plaintiffs Exhibit 26. I find that the exhibit was self-authenticating, because it was produced by appellee Kenneth Schuhart in response to appellants’ request for production of documents. I find it relevant because it is directly probative of the Sehuharts’ understanding of their purchase from the Esteps, thereby indirectly probative of the Esteps’ intent regarding the duration of the disputed easement/license. Although I believe it was error not to have admitted the exhibit, I would find the error harmless in light of my decision as to appellants’ first assignment of error.
{¶ 74} I respectfully dissent from the majority’s disposition of appellants’ first assignment of error. I do not find that different descriptions in the title or reference to the right created in the agreement itself necessarily create an ambiguity. It is the nature of the right created that controls.
{¶ 75} The trial court found that an ambiguity exists and interpreted the contract against appellants because it was drafted by Ms. Christiansen, who is an attorney. The majority opinion does not specifically state its position with regard to this construction. I write to note that I am not convinced that the construction applies, because it appears that the parties had equal bargaining power with respect to the underlying purchase.
{¶ 76} The majority bases part of its decision on the fact that there is no language in the agreement that states that there is “a covenant that runs with the land.” (Majority Opinion at ¶ 40.) While I agree that there is no such language in the agreement, the agreement at paragraph No. 6 clearly states that it is binding upon the parties and upon their heirs, executors, administrators, successors, and assigns. I find that such language is a clear expression of intent to *102 create an easement, despite the Esteps’ claim of their lack of understanding as to the legal import thereof.
{¶ 77} Because the agreement creates privileges of use and, unlike a license, is not personal, revocable, and nonassignable just to the contracting parties, I find that the agreement creates an easement.
{¶ 78} I would sustain appellants’ first assignment of error.